IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TERRY LEE TALLENT                                                    PLAINTIFF

vs.                              Civil No. 3:15-cv-03099

CAROLYN COLVIN                                                  DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Terry Lee Tallent ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's applications for DIB and SSI were filed on March 25, 2013. (Tr. 20). Plaintiff alleged he was disabled due to chemical imbalance in brain, left ankle replacement, and psychological conditions. (Tr. 217). Plaintiff alleged an onset date of March 8, 2013. (Tr. 20, 177, 185). These applications were denied initially and again upon reconsideration. (Tr. 20). Thereafter,

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

Plaintiff requested an administrative hearing on his applications and this hearing request was granted. (Tr. 132).

Plaintiff's administrative hearing was held on May 14, 2014. (Tr. 36-63). Plaintiff was present and was represented by counsel, Greg Thurman, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Debra Arlene Steele testified at this hearing. *Id.* At the time of this hearing, Plaintiff was fifty-four (54) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d), and had a high school education. (Tr. 41-42).

On July 31, 2014, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 20-30). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through the date of the decision. (Tr. 22, Finding 2). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 8, 2013, his alleged onset date. (Tr. 22, Finding 3).

The ALJ also determined Plaintiff had the severe impairments of depression, compound fracture of the left tibia status post open reduction internal fixation, and osteoarthritis of the left ankle. (Tr. 22, Finding 4). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 22, Finding 5).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 24-29). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work, with no more than simple tasks and simple instructions. (Tr. 24, Finding 6).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 29, Finding 7). The ALJ found Plaintiff was capable of performing his PRW as a poultry eviscerator and sorter. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from March 8, 2013, through the date of the decision. (Tr. 29, Finding 8).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 6). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-5). On October 7, 2015, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 8, 2015. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 9, 11. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (A) in the RFC determination, (B) in the Step 4 analysis, and (C) in finding Plaintiff did not meet the requirements of Grid Rule 201.14. ECF No. 9, Pgs. 9-16. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 11.

**A. RFC**

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform light work with no

more than simple tasks and simple instructions. (Tr. 24, Finding 6). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 9, Pgs. 9-14. However, substantial evidence supports the ALJ's RFC determination.

Dr. Shannon Brownfield performed a consultative examination of Plaintiff on June 3, 2013. (Tr. 341-346). Dr. Brownfield indicated Plaintiff had a normal range of motion in the cervical and lumbar spines, no muscle spasms, weakness, or atrophy, and a negative straight leg raise with normal reflexes. (Tr. 341-344). Plaintiff had a full range of motion in all of his extremities, including his shoulders, elbows, wrists, hands, hips, and knees. (Tr. 343). Dr. Brownfield also indicated Plaintiff could walk on his heels and toes, could stand and walk without an assistive device, could bend over to pick up a coin, and could squat and arise from a squatting position. (Tr. 344).

The ALJ also noted Dr. Thomas Kelso, one of Plaintiff's treating providers, reported in June 2005 Plaintiff's left ankle surgery was well healed with no pain and no additional follow-ups were needed. (Tr. 299-301). Dr. Kevin Richter saw Plaintiff on March 20, 2014 and indicated medication adequately controlled Plaintiff's alleged depression, anxiety, and insomnia. (Tr. 356-357). The ALJ also discussed the findings of Dr. Samuel Hester, who examined Plaintiff on May 2, 2013 and stated Plaintiff could cope with the mental demands of basic work tasks. (Tr. 337)

Additionally, the ALJ discredited Plaintiff's testimony about his standing and walking abilities by noting Plaintiff left his past job with Tyson not because he could not stand and walk as required, but because he repeatedly violated Tyson's policies about smoking on the job. (Tr. 25, 45). Specifically, Plaintiff testified Tyson warned him two or three times about walking off the job to smoke before firing him for violating that policy. (Tr. 25, 45).

6

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, I find the ALJ's RFC determination should be affirmed.

### B. Step 4 Findings

Plaintiff claims substantial evidence does not support the ALJ's finding that Plaintiff could perform his PRW. Defendant claims substantial evidence supports the ALJ's decision that Plaintiff has the RFC to perform his PRW as a poultry eviscerator and sorter. This Court finds the ALJ's determination that Plaintiff has the RFC to perform his PRW is supported by substantial evidence and in making that determination, the ALJ provided a sufficient basis for his determination.

The ALJ found Plaintiff retained the RFC to perform light work with no more than simple tasks and simple instructions. (Tr. 24, Finding 6). The ALJ went on to find Plaintiff's PRW as a poultry eviscerator and sorter did not require performance of work-related activities precluded by the Plaintiff's RFC. (Tr. 29). As a result, the ALJ determined Plaintiff had not been under a disability from March 8, 2013, through the date of his decision. (Tr. 29, Finding 8). Plaintiff argues the ALJ erred in his step four determination because the ALJ did not incorporate the opinion of Dr. Shannon Brownfield that Plaintiff suffers from moderate to severe limitations in prolonged standing and walking.

The burden is on the Plaintiff to demonstrate he is unable to return to his past relevant work. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir 2004). While VE testimony at step four is not necessary to determine if a claimant can perform his past work, the ALJ may consider VE testimony. *Wagner v. Astrue*, 499 F.3d 842, 853 (8th Cir. 2007). A VE's response to a properly posed

hypothetical question at step four provides substantial evidence to support the ALJ's finding that an individual can perform his past work. *Depover v. Barnhart,* 349 F.3d 563, 568 (8th Cir. 2003).

The ALJ asked the VE about the exertional demands and skill requirements of Plaintiff's PRW. (Tr. 58-60). In response, the VE testified Plaintiff's work as a poultry eviscerator and sorter. was light. *Id.* The ALJ then asked the VE a hypothetical question that reflected Plaintiff's vocational factors and RFC to determine whether Plaintiff could perform his PRW. *Id.* In response to the ALJ's hypothetical question, the VE testified Plaintiff could perform his PRW as a poultry eviscerator and sorter. *Id.* Such testimony, based on a hypothetical question consistent with the record, constitutes substantial evidence. *See Goff v. Barnhart*, 421 F.3d 785, 794 (8th Cir. 2005).

Based on the foregoing, I find the ALJ's determination that Plaintiff is able to perform his past relevant work is supported by substantial evidence**.**

### C. Grid Rule 201.14

The Plaintiff also argues the ALJ erred in finding Plaintiff did not meet the requirements of Grid Rule 201.14. Because substantial evidence supports the ALJ's RFC finding for reasons stated above, the ALJ was not required to utilize the Grid Rules, as Plaintiff could return to his past relevant work at step four of the sequential evaluation process. (Tr. 29). The Eighth Circuit has held it is not relevant whether a claimant would be found "disabled" under a particular Grid Rule when he has failed to meet the burden of proving an inability to perform past relevant work. *Walker v. Shalala*, 993 F.2d 630, 632 (8th Cir. 1993).

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **24th day of January 2017.**

                                                      /s/   Barry A. Bryant
                                                      HON. BARRY A. BRYANT
                                                      U. S. MAGISTRATE JUDGE